LUCERO, J., Circuit Judge,
concurring.
Because 8 U.S.C. § 1252(a)(2)(B)® divests us of jurisdiction to review discretionary denials of relief, specifically including whether the balance of hardships to United States citizen relatives of deporta-ble aliens weighs in favor of cancellation of removal under 8 U.S.C. § 1229b(b)(l)(D), I concur in the judgment in this case. I write separately, however, to express my view that forcing young American children either to leave the country of their birth and its educational and economic opportunities, or to grow up without the essential guidance and love of their parents might appear to those uninitiated in the current state of immigration law as the type of “exceptional and extremely unusual hardship” intended by Congress.
Yet, in carving out an entire category of cases that do not allow the benefit of judicial review, such as this, we are left with no choice but to deny relief on the facts of this case. If a remedy is to obtain for these types of cases, it must come from Congress, as we have no statutory authority to entertain such pleas.